IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JEANNETTE TIRADO-VÉLEZ<br><br>**Debtor**<br><br>---<br><br>JEANNETTE TIRADO-VÉLEZ<br><br>**Plaintiff-Appellant**<br><br>v.<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY;<br>PUERTO RICO PUBLIC-PRIVATE PARTNERSHIP AUTHORITY;<br>LUMA ENERGY, LLC;<br>LUMA ENERGY SERVCO, LLC;<br>QUANTA SERVICES, INC.<br><br>**Defendants-Appellees** | CIVIL NO. 21-1583 (RAM) |

**OPINION AND ORDER**[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Debtor and Plaintiff-Appellant Jeannette Tirado-Vélez's ("Tirado-Vélez" or "Appellant") appeal from the United States Bankruptcy Court for the District of Puerto Rico's (the "Bankruptcy Court") order denying Appellant's *Motion for Reconsideration*. (Bankruptcy Docket Nos. 84 and 88; Docket No.

---

[1] Andrew Grant, a rising second-year law student at the Boston University School of Law, assisted in the preparation of this Opinion and Order.

8).² The Defendants-Appellees ("Appellees") in this proceeding are the Puerto Rico Electric Power Authority ("PREPA"); the Puerto Rico Public-Private Partnership Authority ("P3"); LUMA Energy, LLC and LUMA Energy Servco, LLC (together, "LUMA"); and Quanta Services, Inc. ("Quanta"). (Docket Nos. 8, 14, 19, 21 and 23). Appellant filed her *Motion for Reconsideration* after the Bankruptcy Court entered its judgment dismissing with prejudice her *Amended Complaint* in its entirety, having previously granted PREPA and LUMA's *Motion for Summary Judgment as to Amended Complaint* as well as P3's *Motion to Abstain* and Quanta's *Motion to Dismiss*. (Bankruptcy Docket Nos. 67, 72, 75, 76, and 84). Appellees P3 and Quanta now seek dismissal of Appellant's appeal, while Appellees PREPA and LUMA seek affirmance of the Bankruptcy Court's order. (Docket Nos. 8, 14, 19, 21 and 23). For the reasons set forth below, this Court **GRANTS** P3's *Motion to Dismiss*, **GRANTS** Quanta's *Motion to Dismiss*, and **AFFIRMS** the Bankruptcy Court's orders that have been properly raised on appeal.

## I. PROCEDURAL BACKGROUND

On March 22, 2021, Tirado-Vélez filed a complaint (the "*Complaint*") commencing the Bankruptcy Court adversary proceeding below. (Bankruptcy Docket No. 1). Tirado-Vélez alleged that PREPA

---

² All record citations in this Opinion and Order are to this Court's docket unless specified otherwise. Citations to "Bankruptcy Docket" refer to Adversary Case No. 21-00029 before the Honorable Mildred Caban Flores of the United States Bankruptcy Court for the District of Puerto Rico.

willfully violated a discharge injunction issued pursuant to 11 U.S.C. § 524(a)(2) when it sought to collect a debt reflected in Appellant's daughter's account with PREPA. Id. Tirado-Vélez sought, among other things, an award of punitive damages and attorney's fees against PREPA and to have that debt stricken from PREPA's records. Id. PREPA filed a *Motion for Summary Judgment* ("First MSJ") on May 4, 2021. (Bankruptcy Docket No. 13). Then, in late June, Tirado-Vélez filed an amended complaint (the "*Amended Complaint*") naming five additional Defendants without materially altering her claims against PREPA. (Bankruptcy Docket No. 23). Consequently, PREPA's First MSJ was mooted, leading PREPA to file a *Motion for Summary Judgment as to Amended Complaint* ("Second MSJ") on July 16, 2021, which LUMA joined. (Bankruptcy Docket Nos. 38, 41 and 74). The Second MSJ primarily argued that the *Amended Complaint* is meritless insofar as it is based on the mistaken assertion that the debt at issue was actually Tirado-Vélez's debt, and not her daughter's. (Bankruptcy Docket No. 41 at 7). According to PREPA and LUMA, because the debt belonged to Tirado-Vélez's daughter, it was not discharged in the preceding bankruptcy case and thus collection of that debt did not violate the discharge injunction. Id.

On July 28, 2021, Tirado-Vélez filed a *Motion to Quash* as to the Second MSJ, which the Bankruptcy Court denied on August 6, 2021. (Bankruptcy Docket Nos. 45 and 55). In its denial order, the

Bankruptcy Court expressly instructed Tirado-Vélez to comply with Fed. R. Civ. P. 56(d), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056, which required Tirado-Vélez to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" before the Bankruptcy Court could consider denying the Second MSJ, allow time to conduct discovery, or "issue any other appropriate order." (Bankruptcy Docket No. 55).

On September 3, 2021, despite the express instructions of the Bankruptcy Court, Tirado-Vélez filed a *Motion for Extension* which failed to comply with Rule 56(d), and which was subsequently denied on September 29, 2021. (Bankruptcy Docket Nos. 62 and 68). Tirado-Vélez never filed an opposition to PREPA and LUMA's Second MSJ. (Bankruptcy Docket No. 84). Hence, PREPA requested that the Second MSJ be deemed submitted and granted without opposition. (Bankruptcy Docket Nos. 66 and 71). PREPA first made this request on September 21, 2021, in its opposition to Appellant's *Motion for Extension*. (Bankruptcy Docket No. 66 at 3). Thereafter, PREPA reiterated its request in another motion dated October 11, 2021. (Bankruptcy Docket No. 71).

Tirado-Vélez also failed to answer the dispositive motions of other Appellees. (Bankruptcy Docket No. 84). Quanta had filed its *Motion to Dismiss* on September 3, 2021, arguing that the *Amended Complaint* should be dismissed as to Quanta because it was never

served. (Bankruptcy Docket No. 63). The Bankruptcy Court awaited Tirado-Vélez's response for twenty-six (26) days before granting Quanta's *Motion* on September 29, 2021. (Bankruptcy Docket No. 67). In a similar manner, the Bankruptcy Court waited thirty-four (34) days before granting P3's unanswered *Motion to Abstain*, in which P3 requested that the Bankruptcy Court abstain from resolving the request for declaratory relief against it pursuant to 28 U.S.C. § 1334(c)(1), as the precise matter at issue was addressed in another case. (Bankruptcy Docket Nos. 65 and 72).

On October 14, 2021, the Bankruptcy Court issued an order finding that PREPA and LUMA's Second MSJ was unopposed (the "Summary Judgment Order"). (Bankruptcy Docket No. 75). By that date, the Bankruptcy Court had given Appellant ninety (90) days to oppose the Second MSJ. (Bankruptcy Docket Nos. 41 and 75). Moreover, the Bankruptcy Court issued the Summary Judgment Order one hundred and sixty-three (163) days after PREPA filed the First MSJ, which was substantially similar to the Second MSJ. (Bankruptcy Docket Nos. 13 and 75). Thus, Tirado-Vélez had nearly half a year to craft her opposition. Id. The Bankruptcy Court treated the facts which Tirado-Vélez had failed to properly controvert as admitted and granted the Second MSJ, dismissing Appellant's *Amended Complaint* in its entirety with prejudice. (Bankruptcy Docket No. 75). The Judgment of the Bankruptcy Court was entered the following day. (Bankruptcy Docket No. 76).

Thereafter, on October 25, 2021, Tirado-Vélez filed a *Motion for Reconsideration* regarding the Summary Judgment Order. (Bankruptcy Docket No. 81). On November 22, 2021, the Bankruptcy Court denied the *Motion for Reconsideration* (the "Reconsideration Order"), finding that the local bankruptcy rules invoked by Appellant did not alter the outcome, and that the Summary Judgment Order had adequately considered the record. (Bankruptcy Docket No. 84). Then, on December 2, 2021, Tirado-Vélez filed her notice of appeal from the Reconsideration Order, bringing the matter before this Court. (Bankruptcy Docket No. 88; Docket No. 1). Appellant filed her appellate brief on February 2, 2022, raising three issues: (1) the Bankruptcy Court failed to grant the remedies requested in the *Complaint* and the *Amended Complaint*; (2) the Bankruptcy Court failed to properly consider the *Complaint*, the *Amended Complaint*, and the *Answer to the Complaint* when ruling on the Second MSJ; and (3) the existence of a cryptically-explained "situation" concerning LUMA, Quanta, and P3 vis-à-vis PREPA's invoices. (Docket No. 8 at 6-7).

## II.   SCOPE OF APPEAL

In her notice of appeal, Appellant solely designated the Reconsideration Order issued on November 22, 2021. (Docket No. 1 at 16). A court reviewing a bankruptcy appeal "is 'duty-bound' to determine its jurisdiction before proceeding to the merits, even if not raised by the litigants." In re Nieves Guzman, 567 B.R.

854, 860 (B.A.P. 1st Cir. 2017) (citations omitted). Thus, the Court must determine the scope of this appeal and the standard of review applicable to any order or orders properly before the Court.

### A. An Appeal from an Order Denying Reconsideration Generally Does Not Encompass Any Underlying Orders

In the First Circuit, "[a]s a general rule, appellate jurisdiction is limited to review of orders and judgments specifically described in the notice of appeal." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 929 (1st Cir. 2014) (internal quotation marks and citation omitted). "[F]ailure to include a particular issue in a notice of appeal can [thus] be fatal to [a reviewing] court's jurisdiction over that issue." Id. Consequently, "[a]n appeal from an order denying reconsideration is 'generally not considered to be an appeal from the underlying judgment.'" Nieves Guzmán, 567 B.R. at 860 (quoting Batiz Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 3 (1st Cir. 2002)).

### B. An Appeal from an Order Denying Reconsideration May Encompass the Underlying Judgment if the Issues Are Intertwined

Despite this general rule of appellate jurisdiction, the First Circuit's case law "has some looseness in its joints." Comité Fiestas De La Calle San Sebastián, Inc. v. Soto, 925 F.3d 528, 531 (1st Cir. 2019). The First Circuit has recognized that "courts have some latitude to consider other grounds originally urged against the underlying dismissal, especially where the issues on

original dismissal and the reconsideration order overlap or are intertwined." Díaz Aviation Corp. v. Airport Aviation Servs., Inc., 716 F.3d 256, 262 (1st Cir. 2013) (internal quotation marks and citations omitted). The "touchstone" in this analysis "is whether the appellant has indicated an intent to seek review of those orders through [her] notice of appeal and accompanying documents." Id.; *see also* Nieves Guzmán, 567 B.R. at 861 ("[B]oth orders may be reviewed only when it is clear that the appellant intended to appeal both orders, and where both parties brief issues relating to the underlying judgment."). Courts generally find such intent where the appellant's arguments on appeal raise "mere elaborations of claims already presented" and therefore "largely rehash" claims which the appellant previously raised in their opposition to summary judgment and in their motion for reconsideration. Soto, 925 F.3d at 532; *see also* Díaz Aviation, 716 F.3d at 262. The First Circuit also gives "particular weight to whether the defect in the notice of appeal has prejudiced the appellee[.]" Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 41 (1st Cir. 2020).

**C. This Appeal Does Not Encompass P3's *Motion to Abstain* or Quanta's *Motion to Dismiss***

As an initial matter, it cannot plausibly be asserted that Appellant's notice of appeal is intertwined with, and therefore encompasses, the Bankruptcy Court's orders granting P3's

unanswered *Motion to Abstain* or Quanta's unanswered *Motion to Dismiss*. (Bankruptcy Docket Nos. 63, 65, 67 and 72). Appellant's notice of appeal and appellate brief make no mention of either of these motions, or of the Bankruptcy Court's orders dismissing P3 and Quanta from the bankruptcy proceeding. (Docket Nos. 1 and 8). Moreover, Appellant's *Motion for Reconsideration* is devoid of any challenge to those orders. (Bankruptcy Docket No. 81). Thus, Appellant has not clearly indicated her intent to seek review of those orders through her notice of appeal and accompanying documents. *See* Díaz Aviation, 716 F.3d at 262. Accordingly, P3 and Quanta are not proper parties to this appeal, and their respective motions are both **GRANTED**.

### D. The Court Can Bypass the Jurisdictional Inquiry Concerning the Summary Judgment Order at This Juncture

It is more difficult to assess whether this appeal, formally directed to the Reconsideration Order, encompasses the underlying Summary Judgment Order as well, or solely disputes the Reconsideration Order. On the one hand, Appellant's appellate brief clearly includes arguments challenging the Bankruptcy Court's summary judgment decision. (Docket No. 8). And Appellees briefed the substantive issues underlying the Summary Judgment Order, which undercuts any claim of prejudice or surprise. (Docket Nos. 14 and 21). On the other hand, however, this case differs from the above-cited cases because Appellant's arguments on appeal do not "raise mere elaborations of claims already presented" or

Case 3:21-cv-01583-RAM   Document 34   Filed 08/17/22   Page 10 of 19
Civil No. 21-1583 (RAM)                                               10

"largely rehash" claims the appellant raised in its opposition to summary judgment and in its motion for reconsideration. *See* Soto, 925 F.3d at 532. To that point, Appellant did not raise *any* arguments in opposition to PREPA and LUMA's Second MSJ, and further, her arguments on reconsideration do not precisely mirror her stated issues on appeal. (*Compare* Docket No. 8 *with* Bankruptcy Docket No. 81).

Despite the potential for confusion created by the mismatch between Appellant's notice of appeal and her appellate briefing, "the rigors of this case do not demand that we conclusively resolve" this issue. Caribbean Mgmt. Grp., 966 F.3d at 41. "When an appeal raises an enigmatic question of statutory jurisdiction and the merits are easily resolved in favor of the party who would benefit from a finding that jurisdiction is wanting, we may bypass the jurisdictional inquiry and proceed directly to the merits." Id. The Court will follow this procedure and "assume for argument's sake that [Appellant's] notice of appeal confers jurisdiction" upon this Court to review both the Summary Judgment Order and the Reconsideration Order. Id. at 42.

### III. STANDARD OF REVIEW

Having found that review may be had of the Summary Judgment Order and the Reconsideration Order despite Appellant's failure to designate both orders in her notice of appeal, the Court must determine the proper standard of review. In the bankruptcy context,

Case 3:21-cv-01583-RAM   Document 34   Filed 08/17/22   Page 11 of 19

Civil No. 21-1583 (RAM)                                                    11

"[t]he standard of review on appeal from a grant of summary judgment is de novo." In re Kirby, 599 B.R. 427, 438 (B.A.P. 1st Cir. 2019) (citations omitted). However, this Court's review of the Reconsideration Order remains limited to the abuse of discretion standard, which is "quite deferential." Nieves Guzmán, 567 B.R. at 861-62. Under this standard, reviewing courts "defer broadly to the [bankruptcy] court's informed discretion" because the bankruptcy court "typically has an intimate, first-hand knowledge of the case, and, thus, is best positioned to determine whether the justification proffered in support of a reconsideration motion should serve to override the opposing party's rights and the law's institutional interest in finality." Id. at 862 (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)). In this case, the Court may set aside the Reconsideration Order "only if it appears the [Bankruptcy Court] relied upon an improper factor, neglected a factor entitled to substantial weight, or considered the correct mix of factors but made a clear error of judgment in weighing them." Id. (internal quotation marks and citations omitted).

## IV. ANALYSIS

### A. Appellant Waived Certain Arguments Raised for the First Time in Her Motion for Reconsideration or On Appeal

Although this Court will review the Summary Judgment Order and the Reconsideration Order, the Court cannot consider some of the specific arguments raised by Appellant in her appellate brief.

Appellant raised these issues for the first time in her *Motion for Reconsideration* or on appeal, and thus waived them. As the First Circuit has routinely noted, "[a] motion for reconsideration is not a venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment[.]" Biltcliffe, 772 F.3d at 930. Additionally, it is well established that arguments that could have been raised before the bankruptcy court, but were not raised, are waived on appeal. *See, e.g.*, In re Aja, 441 B.R. 173, 178 (B.A.P. 1st Cir. 2011).

As detailed above, Tirado-Vélez failed to oppose the Second MSJ in the bankruptcy proceedings below. Tirado-Vélez then filed a thirty-page *Motion for Reconsideration* which raised numerous arguments for the first time. Appellant now seeks to litigate the substance of the summary judgment dispute on appeal — something she cannot procedurally do. Thus, the Court will review the Summary Judgment Order and the Reconsideration Order only insofar as they concern issues which could not have been presented to the Bankruptcy Court prior to judgment and thus are properly preserved on appeal.

**B. The Bankruptcy Court Properly Granted Summary Judgment**

It is well established that an appellate court "may affirm [a] judgment on any ground revealed by the record." Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006) (internal quotation marks and citations omitted). Reviewing the Bankruptcy Court's Summary

Judgment Order *de novo*, the Court finds that: (1) the Bankruptcy Court followed the proper procedure in handling the unopposed motion for summary judgment, and (2) the evidence in the record supports the Summary Judgment Order. Thus, for the reasons outlined below, the Court **AFFIRMS** the Bankruptcy Court's entry of summary judgment on the merits.

First, the Bankruptcy Court was entitled to consider the Second MSJ as unopposed. The First Circuit has made clear that "[w]hen a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion." Perez-Cordero v. Wal-Mart Puerto Rico, 440 F.3d 531, 533-34 (1st Cir. 2006) (citation omitted). "In most cases, a party's failure to oppose summary judgment is fatal to its case." Id. Here, the Bankruptcy Court provided Tirado-Vélez ninety (90) days to oppose the Second MSJ. Moreover, Appellant had one hundred and sixty-three (163) days to prepare an opposition from the date PREPA filed the First MSJ, which was substantially similar to its Second MSJ and thus gave Appellant early notice of its contents. That constituted more than adequate time for Tirado-Vélez to craft an opposition to PREPA and LUMA's Second MSJ or to file her own compliant motion.

Second, the Bankruptcy Court properly rejected Appellant's *Motion to Quash PREPA's Second Motion for Summary Judgment* as well

as her *Motion Requesting Additional Time to Reply to PREPA's Motion for Summary Judgment*. (Bankruptcy Docket Nos. 45 and 62). Neither motion complied with Fed. R. Civ. P. 56(d), as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056, despite the Bankruptcy Court's clear directive to Appellant that it could not grant her request for additional time if she failed to comply with Rule 56(d). (Bankruptcy Docket No. 55). The First Circuit has clearly warned litigants that "the prophylaxis of Rule 56[(d)] is not available merely for the asking" and that "[a] litigant who seeks to invoke the rule must act with due diligence to show that [her] predicament fits within its confines." Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007).³ Thus, Appellant cannot argue that her noncompliant motions constituted proper requests for additional time or proper oppositions to the Second MSJ.

Third, the Bankruptcy Court correctly deemed the statement of uncontested facts in the Second MSJ as admitted by Appellant when ruling on the motion. District of Puerto Rico Local Rule 56(e) clearly states that "[f]acts contained in a supporting . . . statement of material facts, if supported by record citations as required by this rule, **shall** be deemed admitted unless properly controverted." L. CV. R. 56(e) (emphasis added). "The purpose of

---

³ Rivera-Torres addresses Rule 56(f), which later became Rule 56(d). However, "the textual differences between current Rule 56(d) and former Rule 56(f) are purely stylistic" and thus, "case law developed under former Rule 56(f) remains controlling[.]" In re PHC, Inc. S'holder Litig., 762 F.3d 138, 143 n.2 (1st Cir. 2014) (internal quotation marks and citation omitted).

this rule is to relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." CMI Cap. Mkt. Inv., LLC v. Gonzalez-Toro, 520 F.3d 58, 62 (1st Cir. 2008). The First Circuit has expressly upheld the application of this rule, and bankruptcy courts in this District likewise apply it. Id. at 62-63; *see e.g.*, In re Pulsar Puerto Rico Inc., 2013 WL 5658697, at *2 (Bankr. D.P.R. 2013). Thus, all material facts that were supported by record citations were properly deemed admitted by the Bankruptcy Court. This included uncontested material fact number twelve (12), which stated:

> The $8,335.20 debt which Plaintiff wrongfully claims was discharged is a debt for charges incurred under Alicea's account #6151****** for electric power supplied by PREPA to Alicea between March 19, 2010 and February 25, 2011 and related charges and not for charges incurred by Plaintiff under any of Plaintiff's accounts with PREPA.

(Bankruptcy Docket No. 14 at 3) (citing Bankruptcy Docket No. 14-1, ¶ 12).

Finally, after determining that the Second MSJ was unopposed and properly deeming as admitted supported statements of fact, the Bankruptcy Court correctly "test[ed] the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment [was] warranted." Velez v. Awning Windows, Inc., 375 F.3d 35, 42 (1st Cir. 2004) (explaining that, "even when faced with an

unopposed motion for summary judgment," a court may not automatically grant summary judgment). At the heart of this dispute is whether Appellant or her daughter owed the debt at issue. Generally, a bankruptcy court may only sanction a party for violating a discharge injunction "if the party *took some action prohibited by § 524(a)(2)* – i.e., an action 'to collect, recover or offset any discharged debt . . . of the debtor.'" In re Paul, 534 F.3d 1303, 1307 (10th Cir. 2008) (emphasis in original). **A discharge injunction generally does not impact third parties**. *See* 11 U.S.C. § 524(e) ("Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."). To determine who owed the debt in dispute, the Bankruptcy Court reviewed not only the uncontroverted facts presented by PREPA, but also looked to an exhibit attached to Appellant's own *Amended Complaint* which "clearly establishe[d] that these debts are not owed by [Tirado-Vélez] and that any collection action by PREPA of that money is not stayed by the discharge injunction, because they are owed by [Tirado-Vélez's daughter]." (Bankruptcy Docket No. 75 at 2-3).

Simply put, "[b]y [her] inaction, [Tirado-Vélez] allowed [PREPA] to configure the summary judgment record. Confronted with a set of facts that pointed unerringly in one direction, the [bankruptcy] court did its duty." Velez, 375 F.3d at 42. Thus,

this Court **AFFIRMS** the Bankruptcy Court's entry of summary judgment on the merits. The Court will "refrain from writing at length to no other end than to hear its own words resonate." Id.

### C. There Was No Abuse of Discretion in the Bankruptcy Court's Order Denying Reconsideration

Upon review of the Bankruptcy Court's Reconsideration Order, the Court finds no abuse of discretion. First, to the extent Appellant challenged the substance of the Summary Judgment Order in her *Motion for Reconsideration*, the Court's affirmance under the stricter *de novo* standard "necessarily entails there was no abuse of discretion." Sea-Land Serv., Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 852 (1st Cir. 1998).

Second, despite Appellant's contentions to the contrary in her *Motion for Reconsideration*, the Bankruptcy Court did not violate local bankruptcy rules when it denied her request for additional time to respond to PREPA's motion requesting that the Bankruptcy Court grant the Second MSJ. Appellant primarily relied on Local Bankruptcy Rule 7055-2, which she argued "entitled [her] to reply [to] the dismissal Order." (Bankruptcy Docket No. 81 at 3). However, Local Bankruptcy Rule 7055-2 governs dismissal *for want of prosecution*, and by its terms applies when "no action has been taken by any party during the preceding six (6) months." L. Bankr. R. 7055-2(a). The Bankruptcy Court did not grant the Second MSJ for want of prosecution, and therefore Appellant's reliance on that rule was misplaced. Next, Appellant's reliance on Local

Bankruptcy Rule 9013-1(c)(3)(A) was similarly unavailing. Appellant argued that said rule entitled her to formal notice of, and fourteen days to reply to, PREPA's motion. (Bankruptcy Docket No. 81 at 3). However, as explained by the Bankruptcy Court in the Reconsideration Order, Local Bankruptcy Rule 9013-1(c)(3)(A) did not apply in this situation either, as the rule specifically pertains to initial motions. Appellant's argument was directed to PREPA's motion dated October 11, 2021, which reiterated PREPA's prior request that the Second MSJ be granted as unopposed. (Bankruptcy Docket Nos. 66 and 71). This was not an initial motion. Local Bankruptcy Rule 9013-1(c)(3)(A) clearly establishes that a motion for entry of an order when the initial motion has not been timely opposed does not require objection language or time to respond. (Bankruptcy Docket No. 84 at 2). Thus, Appellant was not entitled to additional notice of, or time to respond to, PREPA's motion for entry of an order granting the Second MSJ. The Bankruptcy Court therefore did not err in denying her requests for such relief.

For these reasons, the Reconsideration Order is **AFFIRMED**.

### V. CONCLUSION

For the foregoing reasons, P3's *Motion to Dismiss* is **GRANTED**, Quanta's *Motion to Dismiss* is **GRANTED**, and the Bankruptcy Court's Summary Judgment Order and Reconsideration Order are **AFFIRMED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of August 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
